IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | * |
| EVERGREEN TECHNOLOGIES, LLC | *   Case No. 18-10207-NVA |
| Debtor | *   (Chapter 7) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE
TO CONDUCT EXAMINATIONS PURSUANT TO
<u>RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

George W. Liebmann, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Evergreen Technologies, LLC ("Debtor" or "Evergreen"), hereby moves for entry of an order authorizing the Trustee to conduct examinations of Hackworth Reprographics, Inc., Murray & Heister, Inc., and Complete Document Solution, LLC (each a "Respondent," and collectively, the "Respondents"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and to require the Respondents to produce documents pursuant to subpoenas. In support of the requested relief, the Trustee respectfully states as follows:

**INTRODUCTION**

The Trustee's preliminary investigations lead him to believe that the estate may have viable causes of action, including claims for declaratory relief, avoidable transfers, and turnover of property of the Debtor's estate, against, among others, the Respondents. It appears that, following the bankruptcy petition filed by Evergreen's principal, Respondents received, for no consideration or for inadequate consideration, Evergreen's assets that may include contracts, supplies, services of personnel, customer lists, trade secrets, and goodwill. The Trustee believes that Respondents have received, and continue to possess, assets that are properly part of the Evergreen estate. Consequently, the Trustee has a compelling need to examine and obtain documents from the Respondents in order to further investigate the estate's potential claims.

## FACTUAL BACKGROUND

**A.     Appointment of the Trustee and Engagement of Special Litigation Counsel**

1.     On October 25, 2017, in the related case of *In re Carl Edwin Byrne*, No. 17-24226-NVA, Mr. Byrne, the principal of Evergreen, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. George W. Liebmann was appointed Chapter 7 Trustee for Mr. Byrne's bankruptcy estate. The Trustee has accepted that appointment, has qualified, and is acting in that capacity.

2.     In his capacity as Trustee, Mr. Liebmann caused Mr. Byrne's business, Evergreen Technologies, LLC, to file the Chapter 7 petition in this case on January 5, 2018, and is also acting in his capacity as Evergreen's Chapter 7 Trustee.

3.     Upon the Trustee's Application To Employ Special Litigation Counsel, this Court on January 7, 2019 (ECF No. 42) approved the undersigned to act as special litigation counsel for the investigation, analysis, and potential claims to be brought on behalf of the bankruptcy estate, pursuant to and in compliance with §§ 327, 328(a), and 504 of the Bankruptcy Code.

**B.     The Debtor and the Respondents**

4.     The Debtor was engaged in the business of document printing and copying, and related equipment, parts, and services. Mr. Byrne did business as Evergreen and under other names, including DSC Systems Graphics (a wholly-owned subsidiary of Evergreen), and Diazo Specialist Company (a wholly-owned subsidiary of DSC Systems Graphics).

5.     In the time leading up to the filing of his petition, Mr. Byrne purported to "dissolve" Evergreen, but Evergreen remains in good standing with the Maryland SDAT. The Trustee has been made of aware of evidence indicating that Evergreen had substantial assets, but that those assets have been conveyed to a number of other entities for inadequate consideration,

or no consideration at all. Specifically, the Trustee has received information indicating that activities by Mr. Byrne, Evergreen, and the Respondents to transfer Evergreen's assets rendered Evergreen insolvent.

6. Hackworth Reprographics, in Chesapeake, Virginia, is another printing and copier service business. Shortly before Mr. Byrne's petition, a communication to Evergreen's customers (on DSC letterhead) was sent suggesting that customers use Hackworth's services going forward. During the same timeframe, Mr. Byrne was in negotiations with others regarding the purchase of Evergreen's contracts, but such a deal never materialized. Thereafter, Hackworth hired several former Evergreen employees. The Trustee has information that one or more of these former Evergreen personnel took with him to Hackworth assets including customer lists that are property of the Evergreen estate. The Trustee also has information indicating that Hackworth has earned, and continues to earn, substantial revenues pursuant to contracts with former Evergreen customers. Yet there is no indication that Hackworth paid any consideration in exchange for taking possession of, and earning additional revenue through, these assets of Evergreen.

7. Murray & Heister, of Beltsville, is also a printing and copier service company. Following the shuttering of Evergreen's doors, Murray & Heister took over a substantial portion of Evergreen's former printing business. Murray & Heister also demanded that former Evergreen customers begin paying Murray & Heister on invoices for services performed by Evergreen. In addition, Murray & Heister received equipment and inventory from Evergreen, as well as the services of at least one former Evergreen technician. Evergreen received no consideration for these transfers.

8. Complete Document Solutions, located in Frederick, is another similar company. After Evergreen ceased operating, Complete Document Solutions took over a lucrative government contract and began employing the former Evergreen employee who had been servicing the account. Like the other Respondents, Complete Document Solutions did not pay any consideration in exchange for these assets, which assets are property of the Evergreen estate.

**GROUNDS FOR RELIEF**

9. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), the Trustee requests that the Court authorize the Trustee to serve subpoenas upon the Respondents for their examinations *duces tecum*.

10. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(c) provides that the court can compel both "the attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending."

11. Examinations under Rules 2004(a) and (c) may include within their scope any matters that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b).

12. Rule 2004 is a "basic discovery device used [in] bankruptcy cases." *In re French*, 145 B.R. 991, 992 (Bankr. D. S.D. 1992). The purpose of Rule 2004 is to permit a broad investigation into the financial affairs of a debtor to assure the proper administration of bankruptcy estate. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (citations omitted.) The goal of the investigation is to discover assets and expose any fraudulent conduct. *Id.*

13. Discovery under Rule 2004 may be properly employed as a pre-litigation device for assessing whether grounds exist to commence a lawsuit. *In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996). In addition, courts have recognized that the scope of Rule 2004 examinations is broad, unfettered, and can properly and legitimately be in the nature of a "fishing expedition." *In re Countrywide Homes Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008).

14. In addition to the above, and based upon his investigations of the Debtor's affairs to date, the Trustee believes that the Debtor made pre-petition transfers to the Respondents in violation of the Bankruptcy Code. The Trustee believes that an examination *duces tecum* of the Respondents under Rule 2004 will yield facts that will affect the administration of the Debtor's estate and any right to discharge. The Trustee further believes that it appears Respondents are in possession of property of the estate as a result of efforts to materially aid the Debtor in fraudulently transferring and concealing assets to shield those assets from creditors. Accordingly, the Trustee seeks the entry of an Order granting him authority to serve subpoenas upon the Respondents and requiring their appearance at examinations *duces tecum* relating to:

    a. Respondents' business relationships with Mr. Byrne and/or Evergreen;

    b. Personal relationships between Respondents' personnel and Mr. Byrne;

    c. Communications with Mr. Byrne and/or Evergreen;

    d. Documents received from or transmitted to Mr. Byrne and/or Evergreen;

    e. Employment, engagement as an independent contractor, or other payment for the services of or work by any former Evergreen personnel;

    f. Customer lists before and after Mr. Byrne's petition and Evergreen's cessation of business;

      g. Contracts with customers before and after Mr. Byrne's petition and Evergreen's cessation of business;

      h. Revenues before and after Mr. Byrne's petition and Evergreen's cessation of business;

      i. Contracts or other agreements with Mr. Byrne and/or Evergreen;

      j. Transfers of assets made by and to Mr. Byrne and/or Evergreen;

      k. Consideration paid to Mr. Byrne and/or Evergreen;

      l. Any documents reflecting information related to the above topics.

15. The Trustee expressly reserves any and all rights to (a) amend the topics for examination and document production and (b) pursue further discovery, by Rule 2004 or otherwise, from the Respondents or others.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter an order:

    A. Granting the Trustee's Motion to take the examination of (i) Hackworth Reprographics, Inc.; (ii) Murray & Heister, Inc.; and (iii) Complete Document Solutions, LLC pursuant to Fed. R. Bankr. P. 2004;

    B. Authorizing the Trustee to issue subpoenas to the Respondents to appear for examinations *duces tecum*; and

    C. Granting the Trustee such other and further relief as is just and proper.

Dated: February 4, 2019                        Respectfully submitted,

/s/
———————————————
David J. Shuster (Bar No. 23120)
dshuster@kg-law.com
Jean E. Lewis (Bar No. 27562)
jlewis@kg-law.com
Justin A. Redd (Bar No. 18614)
jredd@kg-law.com
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 539-1269

*Attorneys for Trustee George W. Liebmann*

**STATEMENT PURSUANT TO LOCAL RULE 9013-2**

Pursuant to Local Rule 9013-2, the Trustee states that, in lieu of submitting a memorandum in support of this Motion, he will rely solely upon this Motion.

/s/
———————————————
Justin A. Redd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 4th day of February, 2019, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to said party.

George W. Liebmann, Esquire
Liebmann & Shively, P.A.
8 West Hamilton Street
Baltimore, MD 21201

*Trustee*

Office of the U.S. Trustee
101 W. Lombard Street, Ste. 2625
Baltimore, MD 21201

Andrew M. Croll, Esquire
Scarlett, Croll & Myers, P.A.
201 North Charles St #600
Baltimore, Maryland 21201

*Attorneys for Debtor Carl. E. Byrne III*

Jeffrey L. Nuckolls, Esquire
Basnight, Kinser, Leftwich & Nuckolls, P.C.
308 Cedar Lakes Drive
Chesapeake, Virginia 23322

*Attorneys for Hackworth Reprographics, Inc.*

Murray & Heister, Inc.
10101-H Bacon Drive
Beltsville, Maryland 20705

*Respondent*

Complete Document Solutions, LLC
5104 Pegasus Court, Suite N
Frederick, Maryland 21704

*Respondent*

/s/
_____
Justin A. Redd